

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-20,058-21

### EX PARTE CURTIS RAY GOODIE, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 928493-D IN THE 248TH DISTRICT COURT
## FROM HARRIS COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of aggravated sexual assault and sentenced to fifteen years' imprisonment. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he is being improperly held on this sentence, which he alleges should have discharged. Applicant has alleged facts that, if true, might entitle him to relief. The trial court found that the sentence has discharged, but those findings are not currently supported by the record. Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to obtain a response from a person with

knowledge of relevant facts. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The response shall state whether Applicant presented a claim to the time credit resolution system of the Texas Department of Criminal Justice and, if so, the date the claim was presented. The response shall also detail how Applicant's sentence in this cause is being calculated, including reference to his sentence begin date, his maximum discharge date, and any applicable time credits that have been earned or forfeited. The trial court shall make findings of fact and conclusions of law as to whether, before filing this application, Applicant properly exhausted his administrative remedies as required by Section 501.0081(b) of the Government Code. The trial court shall then determine whether Applicant has discharged this sentence and, if he has not, whether his time is being calculated correctly. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: February 26, 2020
Do not publish